CRUZ, PLAINTIFF AND APPELLANT, *v.* SOTO MAYOR ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 1, in an Action for Damages.

No. 2501.—Decided July 12, 1923.

DAMAGES— NEGLIGENCE— CONTRIBUTORY NEGLIGENCE — TRESPASSER. — It having been proved that the plaintiff suffered damages as a result of the direct negligence of the employees of *A* and the contributory negligence of the employee of *B*, the owner of the truck on which the plaintiff was riding, the plaintiff can recover from *A*, although he may have been a trespasser on *B's* truck.

The facts are stated in the opinion.

*Mr. J. C. Jusino* for the appellant.

*Messrs. M. Tous Soto* and *Oller & Rodríguez* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A truck, the property of Juan Soto Mayor, was ditched while attempting to pass a train of ox-carts belonging to Domingo Luiña. Plaintiff, who was riding upon the truck,

received various injuries, including a broken leg, as a result of the accident and brought suit for damages against both Luiña and Soto Mayor.

The district court, after a trial upon the merits, dismissed the action, with costs to defendants, upon findings stated as follows:

"That on or about the twentieth of February, 1920, and after concluding the task which he had been hired to perform on a property belonging to defendant Juan Soto Mayor, plaintiff Enrique Cruz Rodríguez, without leave, got on one of defendant's trucks that were used to carry sugar-cane to the Central Juanita; that after the said truck was unloaded plaintiff got on again without the permission of either the owner or the driver; that upon returning from the Central Juanita and as a consequence of the negligence of the driver, who, just at the time he should have exercised every care to keep to his right so as to leave room for a number of ox-carts coming along the same road in an opposite direction, was negligent and allowed the truck to run into the ditch, where it overturned, pinning thereunder the plaintiff, who was seated on the right side of the car with his legs dangling over.

"It follows that plaintiff was a trespasser, that he was not authorized to get on the truck and that therefore the provisions of Section 1804 of the Civil Code are not applicable."

For the purposes of this opinion it may be conceded that plaintiff was a trespasser upon the truck. While the evidence to sustain a contrary conclusion is ample, there is some conflict in the testimony on this point, and no such manifest error as to require a reversal.

We cannot concur, however, in the finding that the accident was due to the negligence of the chauffeur, if by that the court meant to find that the drivers of the ox-carts were free from blame. But the trial judge does not say that the negligence of the chauffeur was the sole and exclusive cause of the accident. On the other hand, there is no direct finding as to the question of negligence on the part of the cartmen; and the second paragraph of the

extract above quoted seems to furnish a key to the theory of the court below in the statement that, because plaintiff was a trespasser, section 1804 of the Civil Code does not apply "to defendants" herein. Taking this statement in connection with the failure to consider at all the question of negligence on the part of the cartmen, the logical inference is that the district judge, having reached the conclusion that plaintiff was a trespasser on the truck, simply assumed that this fact relieved both defendants from all liability.

A careful consideration of all the evidence lends additional strength to this conclusion. The record shows by a clear preponderance of the testimony that the negligence, if any, of the chauffeur was concurrent and contributory only, and that the primary and proximate cause of the accident was the negligence of one or more of the cartmen.

Section 22 of "An Act to Provide for the Maintenance and Policing of Public Roads in the Island of Porto Rico," etc., approved March 10, 1910, provides that "every driver of vehicles drawn by oxen shall always walk in front of the oxen while on public roads."

The driver of the truck had passed successfully the first two or three carts before the accident occurred. The driver of the third or fourth cart was mounted upon the cart, or upon the tongue thereof, behind the oxen. Upon approach of the truck he goaded the near ox, presumably with a view to drawing further to the right and giving the truck more room. This action on the part of the cartman caused the ox to throw its hind quarters out into the road and the driver of the truck, in order to avoid striking the ox, swerved to the right and went into the ditch.

The foreman in charge of the ox train says that the cartmen were all walking in front of the oxen and that the chauffeur was not giving proper attention to the road ahead. There is perhaps some other testimony to the same effect,

but the second of the two propositions involved is inconsistent with the fact that the driver of the truck had already passed two or three carts on a narrow road. The logical explanation of the accident, in the absence of an actual collision (and defendants strenuously insist that there was no actual collision), is that given by practically all the eye-witnesses, as above outlined. At least one of these witnesses, who seems to have been a marshal or bailiff of the Bayamón court passing at the moment on official business, had no apparent interest in the matter.

Neither the contributory negligence, if any, of the chauffeur nor the mere circumstance that plaintiff was a trespasser on the truck can suffice to relieve the defendant Luiña from responsibility for the negligence of his employees.

"To relieve one from liability on the ground that the injured person is a trespasser, the premises must belong to the person whose negligence is complained of." 29 Cyc. 443.

After quoting at some length from an opinion by Mr. Justice Field in *Little* v. *Hackett*, 116 U. S. 366, the Supreme Court of Ohio, in *Cincinnati Street Ry. Co.* v. *Wright*, 43 N. E. 688, 691, says:

"This, we think, places the doctrine of contributory negligence upon a sound foundation. In order that it shall operate to defeat a recovery, it should be some act or omission of the party himself, or of some one towards whom he stood in the relation of master or superior. 1 Shear. & R. Neg. 66. The driver of a private vehicle, upon which another may be riding, without the driver's knowledge, is in no proper sense the servant or agent of the latter. The relation of the person so riding may be that of a trespasser to the owner of the vehicle, or even to the driver; but he is in no sense of the term the master or superior of the driver. Nor is the act of such character that on account of it he should be denied a remedy for injuries sustained by the negligence of another.

"The intestate in this case, even if he was, without the knowledge of the driver, riding upon a wagon or dray along the street of Cincinnati, did not thereby violate any duty he owed to the

street-railway company. It was a matter affecting himself, on one side, and the owner or driver of the vehicle, on the other. Whether the latter had some just grounds of complaint or not, did not concern the street-railway company. . . . . The basis of its liability is its own wrongful conduct; and in such case we have seen its only way of escaping from the consequences of this wrongful conduct is through some wrongful contributory act or omission of the injured person himself, or by some one to whom he bore the relation of master or superior; and that relation is not created by the simple act of boarding a private vehicle without the knowledge of the driver.''

Inasmuch as the trial judge did not consider at all either the question of negligence on the part of the cartmen or the amount of damages, if any, to be paid by Luiña, a majority of this court think that the case should be remanded. While the necessity for such action is not apparent to the writer, the matter is plainly within the discretion of the court and a mere difference of opinion on this point is no ground for dissent.

In view of the serious conflict in the testimony as to whether or not plaintiff was a trespasser on the truck and the finding by the court below in favor of plaintiff as to the alleged negligence of the chauffeur, we do not feel that plaintiff should be mulcted in costs.

It follows that the judgment appealed from in so far as the defendant Soto Mayor is concerned should be modified so as to provide that each of the parties is to bear his own costs and as modified affirmed, and in so far as the defendant Luiña is concerned reversed and the case remanded for further proceedings not inconsistent herewith.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Franco Soto took no part in the decision of this case.